## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHARLES BRUCE THOMAS,** | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) **CIVIL NO. 08-cv-129-MJR** |
| **DONALD HULICK and the UNITED STATES of AMERICA,** | ) ) ) ) |
| Respondents. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Petitioner Charles Bruce Thomas brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge certain aspects of his 1999 conviction and sentence in this District. *United States v. Thomas*, Case No. 98-cr-40004-JPG (S.D. Ill., filed Jan. 7, 1998), *aff'd*, Appeal No. 99-2455 (7th Cir., filed June 7, 1999), *cert. denied* 531 U.S. 969 (2000).

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy usually supersedes the writ of habeas corpus. A Section 2241 petition by a federal prisoner is generally limited to

challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). *See also Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255."). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective.

Petitioner contends that he is one of those for whom the Section 2255 motion is inadequate or ineffective to test the legality of his detention.[1] However, the fact that Petitioner may be barred from bringing a section 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior Section 2255 motion). Further, "[f]ailure to comply with the requirements of the § 2255 statute of limitations is not what Congress meant when it spoke of the remedies being 'inadequate or ineffective to test the legality of his detention.'" *Montenegro v. U.S.*, 248 F.3d 585 (7th Cir. 2001), *overruled on other grounds*, *Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001).[2] *See also Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000) ("Neither will a claim of procedural bar suffice to demonstrate that section 2255 relief is inadequate or ineffective."); *United States v. Barrett*, 178 F.3d 34, 49-50 (1st Cir. 1999), *cert. denied*, 528 U.S. 1176 (2000); *Triestman v. United States*, 124 F.3d 361, 376 (2d Cir. 1997) (noting that section 2255's substantive and procedural barriers by themselves do not establish

---

[1] Petitioner has already sought relief pursuant to § 2255. *Thomas v. United States*, Case No. 00-cv-4304-JPG (S.D. Ill., filed Dec. 6, 2000).

[2] *Ashley* overruled only Part III of *Montenegro*. *Ashley* held that a decision that a right initially recognized by Supreme Court is retroactively applicable to cases on collateral review, as will begin one-year limitations period under Antiterrorism and Effective Death Penalty Act (AEDPA), can be made by a Court of Appeals or a district court, as well as by Supreme Court. *Ashley*, 266 F.3d at 674.

that section 2255 is inadequate or ineffective); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997). Instead, a petitioner under Section 2241 must demonstrate the inability of a Section 2255 motion to cure the defect in the conviction.

In *Davenport*, the Seventh Circuit considered the meaning of "inadequacy" for purposes of § 2255. The Circuit stated that "[a] procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as ***having been imprisoned for a nonexistent offense***." *Davenport,* 147 F.3d at 611 (emphasis added).

> Every court that has addressed the matter has held that § 2255 is "inadequate or ineffective" only when a structural problem in § 2255 forecloses even one round of effective collateral review – and then only when as in *Davenport* the claim being foreclosed is one of actual innocence. *See, e.g., Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538-39 (3d Cir. 2002); *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000); *Reyes-Requena v. United States*, 243 F.3d 893, 902-03 (5th Cir. 2001); *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001); *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999).

*Taylor v. Gilkey*, 314 F.3d 832, 835-36 (7th Cir. 2002).

When, then, may a petitioner successfully argue that he is "actually innocent" under *Davenport*? The Seventh Circuit later clarified this standard, stating that "actual innocence" is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

Such is not the case here. Petitioner does not suggest that the charged conduct is no longer a crime. To the contrary, Petitioner asserts the following five arguments: (1) defense counsel was ineffective in failing to file and argue a motion to suppress illegally seized evidence; (2) appellate counsel was ineffective in failing to raise trial counsel's ineffectiveness as detailed in ground 1;

(3) district court imposed an impermissible sentence because drug quantity was not proven beyond a reasonable doubt to a jury; (4) appellate counsel was ineffective in failing to appeal the impermissible sentence as detailed in ground 3; and (5) Petitioner is entitled to a sentence reduction under the retroactive 2007 amendment to the Sentencing Guidelines.

Petitioner's first four arguments could and should have been raised in a § 2255 motion; thus they cannot be addressed under § 2241. His fifth argument has more substance; it is based upon the recent change to the Guidelines regarding offenses involving crack cocaine.

> In order to decrease the disparity between sentences for crack cocaine offenses and powder cocaine offenses, the United States Sentencing Commission reduced the penalties for crack cocaine offenses by amending the sentencing guidelines in 2007. The Commission also voted to make the changes to the guidelines retroactive, effective March 3, 2008. The amendment to the guidelines generally results in a base offense level of two levels less than the original offense level. *See* U.S.S.G. app. C, amend. 706.
>
> A district court has the authority under 18 U.S.C. § 3582(c)(2) to modify a defendant's sentence where the sentence included a term of imprisonment based on a sentencing range that was subsequently lowered by the Commission.

*United States v. Lawrence*, 535 F.3d 631, 634 (7th Cir. 2008).

To clarify, Petitioner's argument regarding the sentence range for crack cocaine must be raised in his original criminal case, not in a collateral challenge to his sentence. Therefore, Section 2241 cannot provide Petitioner with the desired relief, and this action is summarily **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED this 19th day of September, 2008.**

                                            **s/ Michael J. Reagan**
                                            **MICHAEL J. REAGAN**
                                            **United States District Judge**