# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES BRUCE THOMAS, | ) |
| Petitioner, | ) ) ) |
| vs. | ) CIVIL NO. 08-cv-129-MJR ) |
| DONALD HULICK and the UNITED STATES of AMERICA, | ) ) ) ) |
| Respondents. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This action is before the Court to rule on Plaintiff's motion to reconsider (Doc. 13), relying upon FED.R.APP.P. 40(a)(1). This rule, however, applies only to proceedings before a federal court of appeals and thus cannot provide a basis for relief.

It is clear that the motion challenges the merits of this Court's order dismissing the action, and the Seventh Circuit has held that such a motion should be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). When, as here, the motion is filed within 10 days of the entry of judgment, whether the motion is analyzed under Rule 59(e) or Rule 60(b) depends upon the substance of the motion, not on the timing or label affixed to it. *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006). When the substance and the label of the post-judgment motion are not in accord, district courts are directed to evaluate it "based on the reasons expressed by the movant." *Obriecht v. Raemisch,* 517 F.3d 489, 493 (7th Cir. 2008) (*quoting Jennings v. Rivers,* 394 F.3d 850, 855 (10th Cir. 2005)).

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a

movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 117 S.Ct. 608; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993). In contrast, Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED.R.CIV.P. 60(b)(1). However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

In this motion, Petitioner challenges the Court's application of the law to his petition; thus the instant motion must be considered under Rule 59(e). Upon review of the record, the Court remains persuaded that its ruling dismissing the case pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts was correct. Therefore, the instant motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED this 20th day of October, 2008.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**